JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| RICHARD BROWN | TERRACYCLE, LLC |
| (b) County of Residence of First Listed Plaintiff: BUCKS *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant: MERCER *(IN U.S. PLAINTIFF CASES ONLY)* NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| (c) Attorneys *(Firm Name, Address, and Telephone Number)* William Rieser, Esquire Sidney L. Gold & Assoc., P.C. 1835 Market St., Suite 515 Phila., PA 19103 215-569-1999 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADEA, NJLAD

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 150,000.00 in excess

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 09/09/2019 | /S/ WILLIAM RIESER, ESQUIRE |

**FOR OFFICE USE ONLY**

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

JS 44 Reverse (Rev. 06/17)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V. Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(Trenton Vicinage)

| | | |
|---|---|---|
| **RICHARD BROWN,** | : | **CIVIL ACTION NO.:** |
| *Plaintiff,* | : | |
| v. | : | |
| **TERRACYCLE, LLC** | : | |
| | : | **JURY TRIAL DEMANDED** |
| *Defendant.* | : | |

## COMPLAINT AND JURY DEMAND

### I.  PRELIMINARY STATEMENT:

1. This is an action for an award of damages, attorneys' fees and other relief on behalf of Plaintiff, Richard Brown ("Plaintiff Brown"), a former employee of Defendant, TerraCycle, LLC ("Defendant"), who has been harmed by the Defendant's discriminatory and retaliatory actions, ultimately resulting in the termination of his employment.

2. This action is brought under the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq. ("ADEA") and the New Jersey Law Against Discrimination, N.J. Stat. §10:5-1 et seq. ("NJLAD").

### II.  JURISDICTION AND VENUE:

3. The original jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 as the claims are substantively based on the ADEA. The supplemental jurisdiction

of this Court is invoked pursuant to 28 U.S.C. §1367, to consider Plaintiff Brown's claim arising under the NJLAD.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to Plaintiff Brown's claims occurred in this judicial district.

5. All conditions precedent to the institution of this suit have been fulfilled. On July 9, 2019, the United States Equal Employment Opportunity Commission ("EEOC") issued a Notice of Right to Sue, and this action has been filed within ninety (90) days of receipt of said notice.

6. Plaintiff Brown has satisfied all other jurisdictional prerequisites to the maintenance of this action.

### III.  PARTIES:

7. Plaintiff, Richard Brown ("Plaintiff Brown"), is a sixty one (61) year old citizen of the Commonwealth of Pennsylvania, residing therein at 618 Highpointe Circle Langhorne, PA 19047.

8. Defendant, TerraCycle, LLC ("Defendant"), is a corporation duly organized and existing under the laws of the State of New Jersey, maintaining its headquarters therein at 1 TerraCycle Way, Trenton, NJ 08638.

9. At all times relevant hereto, Defendant was acting through its agents,

servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

10. At all times material herein, the Defendant has been a "person" and "employer" as defined under the ADEA and NJLAD and has been, and is, subject to the provisions of each said Act.

## IV. STATEMENT OF FACTS:

11. Plaintiff Brown, a sixty one (61) year old individual, was employed by the Defendant from in or about November of 2015 until on or about September 13, 2017, the date of his unlawful termination.

12. During the course of his employment with the Defendant, Plaintiff Brown held the position of Sales Associate/Director, a sales position within the Zero Waste Department. During the course of his employment with the Defendant, Plaintiff Brown maintained a satisfactory job performance rating in said capacities.

13. During the course of his employment with the Defendant, Plaintiff Brown reported directly to Rhandi Goodman ("Goodman"), Vice President of Zero Waste, a thirty (30) year old individual.

14. By way of background, Defendant's Zero Waste Department is comprised of four (4) salespersons, including the Plaintiff Brown, Kyle Riggs ("Riggs"), an individual in his mid twenties, Atira West ("West"), an individual in her mid thirties, and Joy Nemerson ("Nemerson"), an individual in her mid twenties. With nearly fifteen (15)

years of sales experience, Plaintiff Brown is by far the most experienced salesperson in his department. All four individuals reported directly to Goodman.

15. In or about January of 2017, Tom Szaky ("Szaky"), Chief Executive Officer, a thirty-nine (39) year old individual, instituted a three (3) to one (1) sales goals for all Salespeople, wherein each salesperson was required to earn three (3) times their salary in profit dollars.

16. In or about March of 2017, Goodman informed Szaky that his three (3) to one (1) sales goal was not feasible. Accordingly, Szaky instated a two (2) to one (1) sales goal.

17. In or about April of 2017, Goodman transferred several of Plaintiff Brown's sales accounts to Riggs, who was struggling with his own sales. Goodman did not transfer any of West or Nemerson's sales accounts to Riggs. Upon information and belief, Goodman did the aforesaid in order to sabotage Plaintiff Brown's sales goals and in preparation to terminate and replace Plaintiff Brown with a significantly younger and less experienced individual.

18. Despite losing several sales accounts to Riggs, Plaintiff Brown excelled in his job performance.

19. In or about May of 2017, Szaky hosted a party at his home for all of Defendant's salespeople, including Plaintiff Brown, wherein Szaky repeatedly praised Plaintiff Brown for his impressive job performance.

20. Thereafter, between in or about May of 2017 through September of 2017, Goodman continued to transfer several of Plaintiff Brown's sales accounts to Riggs. Again, Goodman did not transfer any of West or Nemerson's sales accounts to Riggs during this time.

21. In or about August of 2017, Plaintiff Brown expressed his concern to Goodman that he would not be able to make his sales goals because many of his accounts were being transferred to Riggs. Goodman responded by telling Plaintiff Brown not "to worry" and that his employment with the Defendant was not in jeopardy.

22. In or about late August of 2017, the Defendant hired Chris Zudik ("Zudik"), an individual in his early thirties, to become the Sales Director of the Zero Waste Department. Plaintiff Brown trained Zudik for approximately two (2) weeks.

23. By way of background, Plaintiff Brown suffers from Diabetes. Said medical condition constitutes a disability within the meaning of the New Jersey Law Against Discrimination ("NJLAD") in that it substantially impairs one or more of his major life functions, including, but not limited to, normal insulin regulations.

24. In or about September of 2017, Plaintiff Brown experienced exacerbated symptoms related to his disability (Diabetes) requiring him to attend appointments with his physician.

25. On or about September 11, 2017, Plaintiff Brown disclosed his disability (Diabetes) to the Defendant. In accordance therewith, Plaintiff requested a reasonable accommodation in the form of attending upcoming appointments with his physician.

26. On or about September 13, 2017, two (2) days after Plaintiff Brown's disclosure of his disability (Diabetes) and request for a reasonable accommodation in connection with his disability (Diabetes) and just two (2) weeks after the Defendant hired Zudik, Goodman and Dan Rosen ("Rosen"), In-House Counsel, abruptly terminated Plaintiff Brown's employment, allegedly due to "poor performance." Curiously, the Defendant had not once communicated to Plaintiff Brown that his job performance was unsatisfactory.

27. Furthermore, the Defendant immediately replaced Plaintiff Brown with the aforementioned Zudik.

28. Plaintiff Brown believes and therefore avers that the Defendant actually terminated his employment based on his age (61) and/or his actual and/or perceived disability and/or record of impairment (Diabetes) and/or in retaliation for requesting a reasonable accommodation in connection with his disability (Diabetes).

## COUNT I
### (ADEA-Age Discrimination)
### Plaintiff Brown v. the Defendant

29. Plaintiff Brown incorporates by reference paragraphs 1 through 28 of his complaint as though fully set forth at length herein.

30. The actions of the Defendant, through its agents, servants and employees, in terminating Plaintiff Brown's employment because of his age, constituted a violation of the ADEA.

31. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADEA, Plaintiff Brown sustained permanent and irreparable harm, resulting in the loss of his employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus of future earning power, plus back pay, and front pay and interest due thereon.

32. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADEA, Plaintiff Brown suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT II
### (NJLAD-Age Discrimination)
### Plaintiff Brown v. the Defendant

33. Plaintiff Brown incorporates by reference paragraphs 1 through 32 of his Complaint as though fully set forth at length herein.

34. The actions of the Defendant, through its agents, servants and employees, in terminating Plaintiff Brown's employment because of his age, constituted a violation of the NJLAD.

35. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the NJLAD, Plaintiff Brown sustained permanent and irreparable harm, resulting in the loss of his employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

36. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the NJLAD, Plaintiff Brown suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT III
### (NJLAD-Disability Discrimination and Retaliation)
### Plaintiff Brown v. the Defendant

37. Plaintiff Brown incorporates by reference paragraphs 1 through 36 of his Complaint as though fully set forth at length herein.

38. The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Brown to discrimination based on his actual and/or perceived disabilities and/or record of impairment (Diabetes) and/or retaliation for requesting a reasonable accommodation in connection with his disability (Diabetes), constituted a violation of the NJLAD.

39. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the NJLAD, Plaintiff

Brown sustained permanent and irreparable harm, resulting in the loss of his employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

40. As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the NJLAD, Plaintiff Brown suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## PRAYER FOR RELIEF

41. Plaintiff Brown incorporates by reference paragraphs 1 through 40 of his Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Brown requests that this Court enter judgment in his favor and against the Defendant, and Order that:

a. Defendant compensate Plaintiff Brown with a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful discrimination;

b. Defendant compensate Plaintiff Brown with an award of front pay, if appropriate;

c. Defendant pay to Plaintiff Brown punitive damages, liquidated damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

d. Defendant pay to Plaintiff Brown pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

e. The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Brown demands trial by jury.

**SIDNEY L. GOLD & ASSOCIATES, P.C.**

BY:   /s/ William Rieser, Esquire
WILLIAM RIESER, ESQUIRE
I.D. NO.: 045032011
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
**Attorney for Plaintiff**

Dated:  September 9, 2019

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief.

DATE: 8-5-19

*Rich Brown*
RICHARD BROWN, PLAINTIFF